1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY etc., <br><br> Plaintiff, <br><br> v. <br><br> SAMROD CORPORATION etc., et al., <br><br> Defendants. <br> _____ <br> SURETEC INDEMNITY COMPANY etc., <br><br> Cross-Claimant, <br><br> v. <br><br> SAMROD CORPORATION etc., et. al., <br><br> Cross-Defendants. | CASE NO: CV16-1331 JFW (AJWx) <br><br> **JUDGMENT BY DEFAULT AGAINST DEFENDANT SAMROD CORPORATION** |

Default has been entered against the defendant, Samrod Corporation ("SAMROD" were not referred to by its full above-captioned name) for its failure to answer or otherwise respond to the complaint of the plaintiff ("CLTF" where not

1

302934v1

referred to by its full above-captioned name). [*See* Court Document No. 28.] CLTF has filed a motion for judgment by default against SAMROD. Based upon CLTF's motion, the declarations submitted in support thereof, and all other records and documents on file, the Court finds that there is no just reason or cause for delay in the entry of a final judgment in favor of CLTF and against SAMROD, and grants judgment as follows:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. **JUDGMENT FOR MONETARY DAMAGES IS ENTERED IN FAVOR OF THE PLAINTIFF**, Construction Laborers Trust Funds for Southern California Administrative Company, a Delaware limited liability company, an administrator of, agent for collection for, a fiduciary to, and on behalf of the Laborers Health and Welfare Trust Fund for Southern California, Construction Laborers Pension Trust for Southern California, Construction Laborers Vacation Trust for Southern California, Laborers Training and Re-Training Trust Fund for Southern California, Fund for Construction Industry Advancement, Center for Contract Compliance, Laborers Contract Administration Trust Fund for Southern California, Laborers' Trusts Administrative Trust Fund for Southern California, and Southern California Partnership for Jobs Trust Fund, and **AGAINST SAMROD CORPORATION, A CALIFORNIA CORPORATION IN THE AMOUNT OF $33,549.59**, consisting of: (a) a principal amount of $30,636.05 (including $29,193.64 in unpaid fringe benefit contributions, $1,383.52 in interest, $11,672.96 in liquidated damages, and $35.00 in insufficient funds check fees, minus a credit of $11,649.07); (b) attorneys' fees of $2,438.17; and (c) costs of $475.37.

302934v1

2. Neither CLTF nor the aforementioned trust funds on whose behalf it brought this action ("Trust Funds" herein where not referred to by their full above-captioned names) have conducted a full audit of the records of Samrod for any month after December 2014. The monetary judgment issued hereby in paragraph 1 above shall not, and does not, have *res judicata* effect, operate as a bar or effect any other limitation of any right of CLTF or the Trust Funds to determine and collect any amount due, or that comes due, by Samrod Corporation to any one or more of the Trust Funds for any month after December 2014.

3. **FINAL AND PERMANENT INJUNCTIVE RELIEF IS HEREBY GRANTED AS FOLLOWS**: Defendant Samrod Corporation, and its managing agents and employees, and all those in active concert or participation with any one or more of them, are hereby ordered to submit to a full audit of Samrod Corporation for the period January 2015 through the date of the audit, to fully cooperate with CLTF and the Trust Funds with respect to the audit in order for them to determine the total amount due to the Trust Funds and the hours of work performed by the Trust Funds' participants and any others entitled to credit toward fringe benefits from any one or more of the Trust Funds, and, specifically, to produce to CLTF and the Trust Funds the following payroll and business records – and any other records determined by CLTF or the Trust Funds to be necessary to conduct a full audit – for inspection, examination and copying:

3.A. All of SAMROD's payroll and employee records, as well as any other records that might be relevant to a determination of the work performed by SAMROD, its employees, its subcontractors, its lower-tier subcontractors and the employees of SAMROD's subcontractors and lower-tier subcontractors, including but not limited to payroll journals, employee earnings records, certified payroll records, payroll check books and stubs, cancelled payroll checks, payroll time cards and state

and federal tax returns (and all other state and federal tax records), as well as labor distribution journals and any other records that might be relevant to an identification of the employees who performed work for SAMROD, its subcontractors or lower-tier subcontractors, or which might be relevant to a determination of the projects on which SAMROD, its employees, its subcontractors, lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work, including any records that provide the names, addresses, Social Security numbers, job classification or the number of hours worked by any one or more employee;

      3.B.   All of SAMROD's job files for each contract, project or job on which SAMROD, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors worked, including but not limited to all correspondence, agreements and contracts between SAMROD and any general contractor, subcontractor, owner, builder or developer, as well as all field records, job records, notices, project logs, supervisors' diaries and notes, employees' diaries and notes, memoranda, releases and any other records that relate to the supervision of SAMROD's employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors and lower-tier subcontractors, or the projects on which SAMROD, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

      3.C.   All of SAMROD's records related to cash receipts, including but not limited to SAMROD's cash receipts journals, accounts receivable journals, accounts receivable subsidiary ledgers and billing invoices for all contracts, projects and jobs on which SAMROD, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

4

       3.D.   All of SAMROD's bank statements, including but not limited to those for all checking, savings and investment accounts;

       3.E.   All of SAMROD's records related to disbursements, including but not limited to vendors' invoices, cash disbursement journals, accounts payable journals, check registers and all other records which indicate disbursements;

       3.F.   All collective bargaining agreements between SAMROD's and any trade union, and all records of contributions by SAMROD to any trade union trust fund; and

       3.G.   All records related to the formation, licensing, renewal or operation of SAMROD.

**4.   FINAL AND PERMANENT INJUNCTIVE RELIEF IS HEREBY GRANTED AS FOLLOWS**: Defendant Samrod Corporation and its managing agents and employees, and all those in active concert or participation with any one or more of them, are hereby ordered to deliver, or cause to be delivered, the following to the Trust Funds' offices no later than 4:30 p.m. on the 15th day of each month for the duration of the Agreements:

       4.A.   Truthfully and accurately completed monthly fringe benefit contribution reports covering all of SAMROD's accounts with the Trust Funds in existence at the time of delivery, collectively identifying all persons for whom fringe benefit contributions are owed to the Trust Funds for the previous month and their Social Security numbers, and, itemized by person and project, the hours of work performed for which the fringe benefit contributions are due;

5

302934v1

   4.B. An affidavit or declaration from a managing officer or other managing agent of SAMROD attesting under penalty of perjury to the completeness, truthfulness and accuracy of each monthly fringe benefit contribution report submitted; and

   4.C. A cashier's check or checks made payable to the "Construction Laborers Trust Funds for Southern California" totaling the full amount of fringe benefit contributions due by SAMROD to the Trust Funds for the previous month (as set forth on the fringe benefit contribution report(s) submitted).

**THE FAILURE TO COMPLY WITH AN INJUNCTION ISSUED HEREBY SHALL BE GROUNDS FOR CONTEMPT OF COURT.**

Dated: July 11, 2016      _____
                John F. Walter, Judge of the United States District Court for the Central District of California

302934v1